UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **WILLIAM LAMBERT o/b/o SUSAN ANN BARNES** | * | **CIVIL ACTION NO. 14-1204** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **CAROLYN W. COLVIN, ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Before the undersigned magistrate judge, on reference from the District Court, is a motion to dismiss for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1), or alternatively, motion for summary judgment, Fed.R.Civ.P. 56, [doc. # 5], filed by defendant Carolyn Colvin, Acting Commissioner of the Social Security Administration.  For reasons assigned below, it is recommended that the motion to dismiss be DENIED, but that the motion for summary judgment be GRANTED, and that plaintiff's complaint be DISMISSED, with prejudice, as time-barred.

**Background & Procedural History**[1]

On March 3, 2008, Susan Ann Barnes, plaintiff's deceased mother, protectively filed an application for disability insurance benefits with the Social Security Administration (SSA).  The state agency denied her application at the initial stage of the administrative process.  Thereafter, Barnes requested and received a January 29, 2009, hearing before an Administrative Law Judge

---

[1] The following section is supported by the Declaration of Roxie Rasey Nicoll, the Court Case Preparation and Review Branch 4, Office of Disability Adjudication and Review, Social Security Administration, together with several exhibits appended thereto.  (M/Dismiss, Gov.'t Exh. A).  Plaintiff did not file a response to the instant motion(s); thus, Nicoll's declaration remains uncontroverted.

("ALJ"). However, in a June 15, 2009, written decision, the ALJ determined that Barnes was not disabled under the Social Security Act for the period at issue (November 1, 2006, through December 31, 2007). Barnes appealed the adverse decision to the Appeals Council. On April 1, 2011, however, the Appeals Council denied her request for review.

On May 25, 2011, Barnes sought review of the Commissioner's unfavorable decision before this court. *Barnes v. Commissioner, Social Security Administration*, Civ. Action No. 11-0785. On January 9, 2012, pursuant to an unopposed motion filed by the Commissioner, the District Court reversed and remanded the case to the Commissioner for further proceedings in accordance with the fourth sentence of 42 U.S.C. § 405(g). Upon remand from the District Court, the Appeals Council vacated the ALJ's June 15, 2009, decision and remanded the case for further proceedings. Tragically, Barnes passed away on December 14, 2012. Thus, one week later, Barnes' surviving son, William Lambert, substituted as party claimant on her behalf.

In an August 16, 2013, written decision, the ALJ again denied the claimant's application for disability insurance benefits. The Notice of Decision informed Lambert that he had 30 days from receipt of the Notice to file written exceptions with the Appeals Council. Alternatively, even if plaintiff did not file written exceptions, the Appeals Council could elect to review the ALJ's decision on its own. If it did so, however, it would notify plaintiff within 60 days from the date of the Notice.

The Notice further explained that if plaintiff did not file written exceptions and the Appeals Council did not decide to review the ALJ's decision on its own, then the ALJ's decision would become final on the 61st day following the date of the Notice. Once the ALJ's decision became final, Lambert had 60 days to file a new civil action in district court. The Notice cautioned, however, that Lambert would lose his right to court review if he did not file a civil

action during the 60 day period commencing with the date that the ALJ's decision became final. The Notice summed up that if plaintiff thought the ALJ's decision was wrong, he "should file . . . exceptions within 30 days or file a new civil action between the 61st and 121st days afer the date of [the Notice]."

Plaintiff, however, did not comply with either deadline. Instead, he waited until October 4, 2013, i.e., **49 days** after the Notice of Decision, before filing written exceptions to the ALJ's decision. He also waited until June 13, 2014, i.e. **301 days** after the Notice of Decision before filing the instant civil action. On September 22, 2014, the Appeals Council notified plaintiff that because he neither timely filed written exceptions, nor asked for more time to do so within 30 days from receipt of the ALJ's decision, the ALJ's decision was the Commissioner's final decision following the District Court remand.

On November 13, 2014, the Commissioner filed the instant motion to dismiss, or in the alternative, motion for summary judgment, urging dismissal of plaintiff's complaint on the grounds that he failed to timely file suit. Plaintiff did not file a response to the instant motion(s). Thus, it is deemed unopposed. (Notice of Motion Setting [doc. # 6]). The matter is ripe.

## Law and Analysis

**I.  Motion to Dismiss vs. Motion for Summary Judgment**

The United States, as sovereign, is immune from suit except in the manner and degree sovereign immunity is waived. *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948 (1976). In the absence of an express congressional waiver of immunity, an action against the United States or its agencies does not fall within the judicial power of the federal courts. *See Glidden Co. v. Zdanok*, 370 U.S. 530, 82 S.Ct. 1459 (1962). One waiver of sovereign immunity, however, is found in the Social Security Act, which provides that,

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision **by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow**. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, . . .

42 U.S.C. § 405(g) (emphasis added).

In other words, § 405(g) imposes three requirements to secure judicial review:

(1) a final decision of the [Commissioner] made after a hearing;

(2) commencement of a civil action within 60 days after the mailing of notice of such decision (or within such further time as the [Commissioner] may allow); and

(3) filing of the action in an appropriate district court, in general that of the plaintiff's residence or principal place of business.

*Weinberger v. Salfi*, 422 U.S. 749, 763-764, 95 S.Ct. 2457, 2466 (1975).

The second and third requirements, however, are waivable by the parties, and thus, do not constitute jurisdictional prerequisites to suit. *See Salfi, supra; Mathews v. Eldridge*, 424 U.S. 319, 328 n9, 96 S.Ct. 893, 899 (1976); *Bowen v. City of New York*, 476 U.S. 467, 478, 106 S.Ct. 2022, 2029 (1986) (because the requirements were waivable, they cannot be jurisdictional).

Here, the Commissioner's sole argument is that plaintiff did not timely commence suit. Therefore, the motion does not impact the court's jurisdiction. *See Flores v. Sullivan*, 945 F.2d 109, 113 (5th Cir. 1991) (affirming summary judgment in favor of Commissioner because § 405(g) action was untimely); *Triplett v. Heckler*, 767 F.2d 210, 211-212 (5th Cir. 1985) (§ 405(g)'s timeliness requirement is a statute of limitation — not a bar to jurisdiction). The Commissioner's motion also relies on evidence outside of the pleadings. Under these circumstances, the motion is properly filed and analyzed as a motion for summary judgment. *See Triplett, supra*.

4

## II. Summary Judgment Principles

Summary judgment is appropriate when the evidence before the court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2511 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002).[2] Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id*.

In evaluating the evidence tendered by the parties, the court must accept the evidence of the non-movant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at

---

[2] However, if the moving party fails to discharge its initial burden, summary judgment must be denied—even if the nonmoving party has not responded to the motion. *John v. State of La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 708 (5th Cir. 1985) (citation omitted).

255. "The court *need* consider only the cited materials, but it *may* consider other materials in the record." Fed.R.Civ.P. 56(c)(3) (emphasis added). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). There can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

When a movant bears the burden of proof on an issue, it must establish "beyond peradventure[3] all of the essential elements of the claim . . . to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In other words, the movant must affirmatively establish its right to prevail as a matter of law. *Universal Sav. Ass'n v. McConnell*, 1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.).

**III.     Plaintiff Did Not Timely File Suit**

By statute, an aggrieved claimant generally has "sixty days to seek judicial review of the Commissioner's final decision. This period runs from the date the claimant received notification of the decision. There is a rebuttable presumption that notice is received five days after it is mailed by the Commissioner to the claimant." *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997) (citations omitted).

When, as here, the District Court has remanded a case to the Commissioner for further proceedings, the subsequent decision of the ALJ following remand will become the

---

[3] I.e., beyond doubt.

Commissioner's final decision unless the Appeals Council assumes jurisdiction of the case. 20 C.F.R. § 404.984(a). The Appeals Council may assume jurisdiction: 1) on its own, within 60 days of the date of the ALJ's decision; or 2) pursuant to written exceptions timely submitted by the claimant to the Appeals Council setting forth his reasons for contesting the ALJ's decision. 20 C.F.R. § 404.984. The claimant's exceptions, however, must be filed within 30 days of the date that the claimant received the ALJ's decision. 20 C.F.R. § 404.984(b)(1). Alternatively, if the claimant needs additional time in which to submit his exceptions, he must submit a written request for extension within this 30 day period. *Id*. If no exceptions are filed and the Appeals Council does not assume jurisdiction, then, the ALJ's decision becomes the final decision of the Commissioner. 20 C.F.R. § 404.984(d).

Here, the Commissioner issued a "Notice of Decision - Unfavorable," dated August 16, 2013, which was addressed to plaintiff and his counsel. Lambert is presumed to have received the decision five days after it was sent, i.e. by August 21, 2013. *Kinash, supra*. Plaintiff does not contest that he received the notice by that date. Thus, he had 30 days from August 21, 2013, i.e., until September 20, 2013, in which either to file written exceptions or to request an extension of time to do so. Plaintiff took neither step within the 30 day period. Instead, he filed his written exceptions out of time on October 4, 2013, which was ineffective for purposes of initiating Appeals Council review. Furthermore, the Appeals Council did not assume jurisdiction of the case on its own within 60 days after the date of the ALJ's decision. *See* 20 C.F.R. § 404.984(c). Accordingly, on October 16, 2013, (the 61st day after the date of the ALJ's decision) the ALJ's decision became the final decision of the Commissioner after remand. *See Carroll v. Astrue*, Civ. Action No. 08-0960, 2009 WL 2601315 (D. Del. Aug. 24, 2009). Plaintiff had 60 days thereafter, i.e. until December 15, 2013, in which to commence the instant

civil action. However, he did not file the instant suit until June 13, 2014. Accordingly, the action is untimely and subject to dismissal on that basis. *Carroll, supra*.

The Fifth Circuit has recognized that in "appropriate situations," a plaintiff may invoke the doctrine of equitable tolling. *Flores, supra*. However, the cases where tolling is appropriate are rare, and the equities in favor of tolling must be "so great that deference to the agency's judgment is inappropriate." *Barrs v. Sullivan*, 906 F.2d 120, 122 (5th Cir. 1990) (citations and internal quotation marks omitted). In this case, plaintiff neither has alleged, nor established any cognizable circumstances that would support equitable tolling of the limitations period. *See Flores, supra*.

## Conclusion

For the reasons discussed above, the undersigned finds that there is no genuine dispute as to any material fact, and that the Commissioner is entitled to judgment as a matter of law dismissing plaintiff's complaint, as time-barred. Fed.R.Civ.P. 56. Accordingly,

IT IS RECOMMENDED that the motion to dismiss for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1), [doc. # 5], filed by defendant, Carolyn W. Colvin, Acting Commissioner, Social Security Administration, be DENIED, but that her alternative motion for summary judgment [doc. # 5] be GRANTED, and that judgment be entered in favor of said defendant, dismissing with prejudice plaintiff's complaint, in its entirety, as time-barred. Fed.R.Civ.P. 56.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or

response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 13th day of January 2015.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE